

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,383-01

### EX PARTE GEORGE RANDALL LYLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 13229-A IN THE 344TH DISTRICT COURT FROM CHAMBERS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that he was incompetent when he pleaded guilty and that the trial judge told him that he would be sentenced to ninety-nine years if he did not plead guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As

we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim that he was incompetent. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was incompetent when he pleaded guilty. It shall also determine whether the trial judge told Applicant that he would be sentenced to ninety-nine years if he did not plead guilty and, if so, this rendered Applicant's plea involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. The plea papers shall also be forwarded to this Court with the supplemental record. Any extensions of time shall be obtained from this Court.

Filed: June 24, 2015
Do not publish